IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James Loftin, ) | |
| ) | Civil Action No. 6:12-cv-863-GRA-JDA |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| South Carolina Department of ) | |
| Public Safety and Trooper T.J. ) | |
| Genco, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff's motion to dismiss and for summary judgment. [Doc. 15.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters involving litigation by individuals proceeding pro se and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed this action in the Greenville County Court of Common Pleas on or about February 13, 2012. [Doc. 1-1.] Plaintiff alleges Defendants were served on February 23, 2012 [Doc. 14], and Defendants removed the action to this Court on March 26, 2012 [Doc. 1].

In his Complaint, Plaintiff alleges he was pulled over by Trooper Genco because Plaintiff had people of different races in his car. [Doc. 1-1 at 4 ¶ 4.] Plaintiff also claims Trooper Genco searched Plaintiff's car and, in the process, improperly touched Plaintiff's

grandson [*Id.* at 4 ¶¶ 3, 6.] Plaintiff further alleges the South Carolina Department of Public Safety ("SCDPS") has failed to properly train its troopers, and the Highway Patrol has failed to suspend Trooper Genco after Plaintiff complained. [*Id.* at 5 ¶¶ 8–9.] Plaintiff contends Defendants have violated the constitutional rights of Plaintiff, his grandson, his daughter-in-law, and his daughter-in-law's sister.[1] [*Id.* at 6 ¶ 14.] Accordingly, he asks this Court to order an investigation into all troopers, the SCDPS, and Trooper Genco. [*Id.* at 5 ¶¶ 10–11.] Additionally, Plaintiff seeks an order restricting Trooper Genco from coming around Plaintiff and his family members; an order or warrant to arrest Trooper Genco; and $500,000 from each Defendant. [*Id.* at 5–6 ¶¶ 11–13.]

On April 2, 2012, Plaintiff filed a motion to dismiss and for summary judgment, claiming Defendants failed to timely respond within thirty days of service and, thus, this Court has no authority to hear this case. [Doc. 15.] Defendants filed a response in opposition on April 19, 2012, alleging they timely filed an Answer and that Plaintiff's motion is without merit. [Doc. 18.] This matter is now ripe for review.

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574

---

[1]Plaintiff also alleges the seat belt law and child seat laws are unconstitutional. [Doc. 1-1 at 6, ¶ 15.]

F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

3

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

5

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

According to Plaintiff, Defendants were served on February 23, 2012. [Doc. 14.] Pursuant to 28 U.S.C. § 1446(b)(1), Defendants had thirty days in which to file a notice of removal after service of a copy of the summons and/or Complaint. In this case, thirty days after service was Saturday, March 24, 2012. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), when calculating time, the last day of the period must be included, "but if the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, Defendants had until Monday, March 26, 2012 to file a notice of removal in this case. On March 26, 2012, Defendants

filed a notice of removal and Answer. Therefore, Defendants are not in default, and Plaintiff's motion is without merit.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion to dismiss and for summary judgement be DENIED.

IT IS SO RECOMMENDED.

Jacquelyn D. Austin
United States Magistrate Judge

May 24, 2012
Greenville, South Carolina



Plaintiff's attention is directed to the important notice on the next page.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).