IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James Loftin, ) | |
| ) | Case No. 6:12-cv-00863-GRA-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Public ) | |
| Safety and Trooper T.J. Genco, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a motion to remand filed by Plaintiff, who is proceeding pro se. [Doc. 32.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases involving litigation by individuals proceeding pro se and submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on February 13, 2012 in the Greenville County Court of Common Pleas. [Doc. 1-1.] On March 26, 2012, Defendants removed the action to this Court. [Doc. 1.] On May 30, 2012, Plaintiff filed a motion to amend the Complaint, stating the amended complaint "now has no constitutional laws or federal laws in the complaint, and is not [a] federal action" [Doc. 33 at 2], which the Court granted on July 2, 2012 [Doc. 47]. Plaintiff also filed a motion to remand, stating, "now there [are] no constitutional laws [or] complaints in the plaintiffs action to hold this case any longer in federal court." [Doc. 32.] Accordingly, Plaintiff asks this Court to "send this case back to State[] Courts in Greenville County Court of Common Pleas where the action was filed." [*Id.*] On June 18, 2012, Defendants filed a response in opposition, arguing "Plaintiff's

motion leaves the proverbial 'back-door' open for him to reassert his federal claims as soon as this matter is remanded." [Doc. 39 at 2–3.] Defendants concede, however, that remand is appropriate if Plaintiff waives and/ or dismisses with prejudice his federal claims. [*Id.* at 2.]

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, whether federal question jurisdiction exists "is determined by the well-pleaded complaint rule." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)). "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

(1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003)). The plaintiff is the master of his claim and may avoid federal jurisdiction by exclusive reliance on state law. *Id.* (citations omitted).

To determine whether subject matter jurisdiction exists under § 1331, the Court must first determine whether federal or state law creates the cause of action. *Mulcahey*, 29 F.3d at 151. Here, in the Amended Complaint, Plaintiff claims Trooper Genco improperly touched his grandson during a traffic stop on Highway 14. [Doc. 33 ¶¶ 1–2, 5.] Plaintiff contends Trooper Genco's action caused Plaintiff and his grandson to suffer personal embarrassment, shame, stress, and humiliation. [*Id.* ¶ 4.] Plaintiff seeks $500,000 in damages and a jury trial. [*Id.* at 1.] Plaintiff further asks the Court to hold the South Carolina Department of Public Safety a party to this action because it is responsible for Trooper Genco. [*Id.*] As previously stated, Plaintiff also affirms, "This complaint now has no constitutional laws or federal laws in the complaint, and is not [a] federal action." [*Id.* at 2.]

As master of his claim, Plaintiff may choose to rely exclusively on state law as the basis for his claims. Here, Plaintiff has indicated his desire to frame his claims under state, and not federal, law. Plaintiff's right to relief does not necessarily depend on the resolution of a question of federal law. As such, no federal question jurisdiction supports the assertion of removal jurisdiction under 28 U.S.C. § 1441.

Wherefore, based upon the foregoing, the Court concludes it is without jurisdiction over this action and recommends the case be REMANDED to the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit in Greenville County. If the District Court

adopts this Report and Recommendation, it is further Recommended that Defendants' motion to compel, motion for rule to show cause [Doc. 25] be deemed moot.

IT IS SO RECOMMENDED.

*[signature]*

United States Magistrate Judge

July 2, 2012
Greenville, South Carolina