UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Loftin, ) | C/A No.: 6:12-cv-00863-GRA | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | (Written Opinion) | |
| South Carolina Department of Public ) | | |
| Safety and Trooper T.J. Genco, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation, filed on July 2, 2012, and made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.01 of the District of South Carolina.  Plaintiff James Loftin, proceeding *pro se*, filed a motion to remand on May 30, 2012.  *See* ECF No. 32.  Under established procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* motion and recommends that the case be remanded to the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit in Greenville County, as this Court no longer has jurisdiction over the action.  *See* Report and Recommendation, ECF No. 51.  Magistrate Judge Austin further recommends that Defendants' motion for rule to show cause and motion to compel be deemed moot.  *See id.*  Defendants filed a timely Objection to the magistrate judge's

Report and Recommendation on July, 17 2012.  *See* ECF No. 58.  This Court adopts the magistrate's Report and Recommendation in its entirety.

## Standard of Review

Plaintiff brings this motion *pro se*.  This Court is required to construe *pro se* documents liberally.  Such documents are held to a less stringent standard than those drafted by attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).   A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff James Loftin, proceeding *pro se*, filed this action on February 13, 2012, in the Greenville County Court of Common Pleas.  *See* ECF No. 1. On March 26, 2012, Defendants removed the action to this Court.  *Id.* On May 30, 2012, Plaintiff filed a motion to amend the Complaint, stating that the amended Complaint "now has no constitutional laws or federal laws in the complaint, and is not [a] federal action."  ECF No. 33.  In a text order, the Court granted Plaintiff's motion on the basis that: (1) the amendment is not prejudicial to the Defendants, (2) the Defendants did not argue, nor did the Plaintiff demonstrate, that the motion was brought in bad faith, and (3) the amendment is not futile.

*See* ECF No. 47 (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986)). The Plaintiff also filed a motion to remand, stating "now there [are] no constitutional laws [or] complaints in the plaintiff's action to hold this case any longer in federal court." *See* ECF No. 32.  Accordingly, Plaintiff asks this Court to "send this case back to State[] Courts in Greenville County Court of Common Pleas where the action was filed." *Id.*

### Discussion

**I. Plaintiff's Motion to Remand**

Plaintiff requests that the case be remanded to state court. *See* ECF No. 32.  Under 28 U.S.C. § 1447(c), if a district court lacks subject matter jurisdiction over the action, a case that has been removed from state court must be remanded back to that court.  Furthermore, remand is necessary if federal jurisdiction is doubtful. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted).  "[F]ederal [question] jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987).  The Plaintiff is the master of his claim and may avoid federal jurisdiction by exclusively relying on state law. *Burbage v. Richburg*, 417 F. Supp. 2d 746, 769 (D.S.C. 2006) (citations omitted).  Here, under the amended Complaint, Plaintiff does not assert any claims under federal law, and his right to relief does not "necessarily depend[] on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern*

*California*, 463 U.S. 1, 28 (1983).  Thus, no federal question jurisdiction supports assertion of removal jurisdiction under 28 U.S.C. § 1441, and the plaintiff's motion to remand is GRANTED.

## II. Report and Recommendation

Magistrate Judge Austin recommends remanding the action to the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit in Greenville County, because this Court lacks jurisdiction over the case.  *See* Report and Recommendation, ECF No. 51. Magistrate Judge Austin further recommends that the Defendants' outstanding motion to compel and motion for rule to show cause be deemed moot.  *See id.*

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.   *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and this Court may "accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### III. **Defendants' Objections to Magistrate's Report and Recommendation**

Defendant filed a timely Objection to the Report and Recommendation. *See* ECF No. 58.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Defendants request that the Court include a provision in the Order to Remand that would prohibit the Plaintiff from subsequently raising any federal claims arising from the same events and occurrences that are the subject of the present action.  *See* ECF No. 58.  The Court declines to include such a provision in the Order to Remand; therefore, Defendants' objection is without merit.

Defendants also object to the magistrate judge's recommendation that the Defendants' outstanding motion to compel and motion for rule to show cause be deemed moot.  *See* ECF No. 58. Defendants are not prejudiced by this recommendation, as they may refile the motions in state court.  Once a federal court remands a case to state court, the federal court no longer has jurisdiction

over the action. Therefore, the motions must be deemed moot and Defendants' objection is without merit.

### **Conclusion**

After reviewing the record, Defendants' Objection, and the Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Rule to Show Cause and Motion to Compel is DISMISSED as moot.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

August 21, 2012
Anderson, South Carolina